FILED
COURT OF APPEALS
DIVISION II

2014 FEB 20 AM 9: 31

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHUCK BABB, an individual, | No. 43934-4-II |
| Appellant, | |
| v. | |
| REGAL MARINE INDUSTRIES, INC., a foreign corporation, | UNPUBLISHED OPINION |
| Respondent. | |

JOHANSON, J. — Chuck Babb purchased a boat manufactured by Regal Marine Industries, Inc. (Regal) from a local boat dealer. Babb, however, was unsatisfied with the boat's performance, and he sued Regal on numerous grounds, including violation of Washington's Consumer Protection Act (CPA),[1] as well as breach of express and implied warranties. The trial court dismissed Babb's claims on summary judgment and on reconsideration, and Babb now appeals. Because Babb failed to produce evidence that Regal engaged in an actionable unfair or deceptive act, the trial court did not err in dismissing Babb's CPA claim. And because Babb does not allege any fact, promise, description, sample, or model made by Regal relating to or

---

[1] Ch. 19.86 RCW.

describing any of Regal's goods, thus creating any express warranties, the trial court did not err in dismissing Babb's breach of express warranty claims. But because no evidence suggests that the parties negotiated a waiver of Regal's implied warranty of merchantability, the trial court erred in dismissing Babb's breach of implied warranty claim. Accordingly, we affirm the trial court's orders dismissing the CPA and express warranty claims, but we reverse the trial court's order dismissing Babb's implied warranty claim.

FACTS

In 2007, Babb shopped for a new boat. He researched the boat market and read product reviews which, according to Babb, rated Regal positively. Consequently, he visited the Regal website and claimed to be impressed with Regal's advertisements. He was drawn to "Regal's commitment to excellence" and how Regal "strive[s] to provide exceptional customer service, Regal is a family business that stands by its products, and the owners have strong Christian values." Clerk's Papers (CP) at 119. Babb viewed approvingly Regal's self-characterization that it would "be honest and do what's right" as well as its motto "[w]ith God's help and a steadfast commitment to integrity, we will develop a team of exceptional people and relationships to provide exceptional customer satisfaction." CP at 119.

Babb visited a local boat dealership, Powerboats NW, which carried Regal boats, and he described to the salesman what he sought, eventually purchasing a Regal. The Regal boat had a Volvo engine.

Regal provides a limited warranty for its boats. The warranty specifies that the dealer will repair or replace any defective parts for one year from delivery. But the warranty lists

exceptions not covered: engines, aftermarket accessories, gelcoat surfaces, damage caused by user negligence, accident, or misuse, among others. The limited warranty also expressly states, "REGAL MAKES NO WARRANTY, OTHER THAN CONTAINED HEREIN." CP at 95. The Volvo engine had its own warranty.

Babb received his new Regal boat in July 2007. According to Babb, when he first used it, he noticed that it "ran rough" and had a "vibration." CP at 120, 352. In October 2007, Babb first called Regal and spoke with customer service representative Chuck Rainey, who provided information to Babb about how Babb could repair the boat himself.

Over the 2007 to 2008 winter, Babb stored his boat and in spring 2008, his son-in-law, Shane Hagen, used it. Hagen reported that the boat "repeatedly stalled and had to be towed back into shore." CP at 120. Babb phoned Rainey again in July 2008, and Rainey told Babb to take the boat to CSR Marine, a repair shop, and to tell them that Rainey "ok'ed it."[2] CP at 120.

CSR Marine inspected Babb's boat and informed Babb that the boat's engine had a small engine head crack caused by freeze damage. Babb phoned Regal again in December 2008, indicating he needed to repair his boat and that his dealer, Powerboats NW, had gone bankrupt. He spoke with Regal Manager of Customer Service, Mark Skrzypek, and explained the cracked engine head. Skrzypek informed Babb that the cracked engine was caused by improper winterization, not a manufacturing defect. Skrzypek also told Babb that Regal's warranty did not cover the Volvo engine.

---

[2] In 2008, Babb also complained of a cracked aftermarket wakeboarding tower on his boat; Rainey ordered a new tower for Babb's boat and shipped it to him.

Babb was dissatisfied when Skrzypek advised him that Regal would not cover the engine repairs, so he sued Regal on numerous grounds, including a CPA violation, and breach of express and implied warranties, among others.[3] Regarding the CPA claim, Babb contended that Regal engaged in unfair or deceptive acts because Regal claimed to "stand behind their product," have "exceptional" customer service, and to have pride in being family owned. CP at 110. Regarding express warranties, Babb claimed that Regal made promises in its advertising materials that it failed to satisfy, including touting its customer service satisfaction and product quality awards, as well as advertising its "first-class reputation." And regarding implied warranties, Babb claimed that he never waived any implied warranties and that Regal is liable because he "never received a warranty packet that specifically identifies his boat and the coverage he is entitled to." CP at 115.

Regal filed a summary judgment motion. The trial court granted summary judgment to Regal on the CPA claim, reasoning that Regal did not engage in unfair or deceptive actions. The trial court did not immediately grant summary judgment on the warranty issue because in viewing the evidence most favorably to Babb, it was unclear what caused the boat's vibration, and it may have been caused by something for which Regal was responsible—not the engine. When Babb could not identify evidence in the record tying any of his claims to anything other than engine problems, the trial court granted Regal summary judgment on Babb's warranty claims. The trial court noted that Regal's positive "customer satisfaction" claims were "mere puffery" and did not give rise to an express warranty. Report of Proceedings (Aug. 17, 2012) at 12. Babb now appeals the trial court's orders dismissing his CPA and warranty claims.

---

[3] Of Babb's claims, only the CPA and breach of warranty claims are at issue on appeal.

4

ANALYSIS

SUMMARY JUDGMENT

We review summary judgment orders de novo. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). Trial courts properly grant summary judgment where the pleadings and affidavits show no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Questions of fact may be determined on summary judgment as a matter of law only where reasonable minds could reach but one conclusion. *Alexander v. County of Walla Walla*, 84 Wn. App. 687, 692, 929 P.2d 1182 (1997). When reviewing a grant of summary judgment, we consider solely the issues and evidence the parties called to the trial court's attention on the motion for summary judgment. RAP 9.12.

A. CONSUMER PROTECTION ACT

. Babb first argues that the trial court erred in granting Regal summary judgment on Babb's CPA claim because genuine issues of material fact exist regarding whether Regal failed to provide Babb with the service it claims is paramount to its success. We affirm because Babb fails to establish that Regal's statements were anything other than unactionable puffery.

To prevail in a private action brought under the CPA, the plaintiff must establish that (1) the defendant has engaged in an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) the plaintiff has suffered injury in her or his business or property, and (5) a causal link exists between the unfair or deceptive act and the injury suffered. *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 149, 930 P.2d 288 (1997). Whether a particular action gives rise to a CPA violation is reviewable as a question of law. *Leingang*, 131 Wn.2d at 150.

Here, Babb argues that Regal engaged in unfair or deceptive practices when it advertised that "they [Regal] stand behind their product, strive for 'exceptional' customer service, and pride themselves on being family owned." Br. of Appellant at 8. These statements, however, constitute mere puffery and do not give rise to an actionable CPA claim.

General, subjective, unverifiable claims about a product or service are "mere puffery" that cannot give rise to false advertising or, in this context, an unfair or deceptive act. *See Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008), *cert. denied*, 557 U.S. 903 (2009).[4]

Babb, however, fails to demonstrate that any of these statements were more than general, subjective, vague statements about Regal's service that one cannot simply test to verify. Accordingly, these statements were "mere puffery," and they are not actionable. *See Newcal Indus.*, 513 F.3d at 1053. For example, Babb cannot prove that Regal does not "strive" for exceptional customer service or "pride themselves" on being family owned. Nor can he prove that Regal does not "stand behind" its products and service. These subjective statements, mere puffery, are not actionable. So as a matter of law, Babb failed to establish a CPA claim and the trial court did not err in granting Regal summary judgment on this issue. *See Leingang*, 131 Wn.2d at 149-50.

---

[4] Our CPA is intended to complement federal laws that purport to regulate the same activities, here deceptive or fraudulent trade practices. RCW 19.86.920. Accordingly, in construing the CPA, we may find guidance in federal court interpretations of federal statutes regarding deceptive or fraudulent advertising claims. *Newcal Industries* involves the Lanham Act, 15 U.S.C. § 1051 et seq., which regulates false advertising, among other things.

## B. Breach of Warranty Actions

Next, Babb argues that the trial court erred in granting summary judgment because Regal provided express and implied warranties to Babb guaranteeing Babb's satisfaction. Because Babb's express warranty claims all relate to Regal's statements regarding its service and not its products, Babb failed to raise a claim related to goods, a requisite for an express warranty claim. But regarding Babb's implied warranty claim, the evidence does not demonstrate that the parties negotiated to waive any implied warranties, so any waiver would have been invalid. Therefore, the trial court did not err in granting summary judgment to Regal on Babb's breach of express warranty claims, but it improperly granted summary judgment to Regal on Babb's implied warranty claim.

### 1. Express Warranties

Babb asserts that Regal's advertising statements constituted express warranties guaranteeing that Babb would be satisfied with his Regal boat.

Express warranties are any affirmation of fact or promise, any description, or any sample or model by a seller relating to or describing the goods when such representation forms the basis of the bargain. RCW 62A.2-313. Here, Babb does not recount any fact, promise, description, sample, or model made by Regal relating to or describing any of Regal's goods. Instead, he cites Regal's stated commitment to customer service and integrity, and its status as a family business with Christian values that stands behind its products. Babb also quotes from Regal's mission, "With God's help and a steadfast commitment to integrity, we will develop a team of exceptional people and relationships to provide exceptional customer satisfaction." CP at 119. None of

these representations guarantee anything about Regal's products, their quality, or craftsmanship. Accordingly, Babb has failed to set out a prima facie breach of express warranty claim, and the trial court did not err in granting summary judgment to Regal on this claim.[5] *See* RCW 62A.2-313 (Express warranties are any affirmation of fact or promise, any description, or any sample or model by a seller relating to or describing the *goods*.).

## 2. IMPLIED WARRANTIES

Regarding implied warranties, Babb contends that Regal guaranteed a "seaworthy boat in proper working condition." Br. of Appellant at 22. He claims that Regal implied these warranties in its advertising statements.

Unless excluded or modified, a warranty that goods are merchantable is implied in a contract for their sale, so long as the seller is a merchant with respect to goods of that kind. RCW 62A.2-314; *Tex Enters., Inc. v. Brockway Standard, Inc.*, 149 Wn.2d 204, 208, 66 P.3d 625 (2003). This implied warranty of merchantability assures that the goods are fit for the ordinary purposes for which such goods are used. RCW 62A.2-314(2)(c); *Tex Enters.*, 149 Wn.2d at 208. Similarly, unless excluded or modified, an implied warranty of fitness for a

---

[5] Babb cited cases to support his express warranties claim. Each of these cases, however, involved a defendant's representations regarding its products. *See Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*, 119 Wn.2d 334, 348, 831 P.2d 724 (1992) (builder's products "will be tailor-made and of highest quality"); *Travis v. Wash. Horse Breeders Ass'n, Inc.*, 111 Wn.2d 396, 404, 759 P.2d 418 (1988) (horse breeder's horses were "healthy and fit for racing and breeding purposes"); *Urban Dev., Inc. v. Evergreen Bldg. Prods., LLC*, 114 Wn. App. 639, 643, 59 P.3d 112 (2002) (brochures advertised the company's "exterior insulation and finish system"), *aff'd*, 151 Wn.2d 534, 90 P.3d 1062 (2004). Thus, these cases do not support Babb's claim.

particular purpose arises where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods. RCW 62A.2-315; *Tex Enters.*, 149 Wn.2d at 208-09. And in order to waive implied warranties in the sale of consumer goods, the parties must specifically negotiate for the waiver and the waiver must state, with particularity, the qualities and characteristics that are not warranted. RCW 62A.2-316; *Thomas v. Ruddell Lease-Sales, Inc.*, 43 Wn. App. 208, 213, 716 P.2d 911 (1986).

Here, Regal expressly excluded all implied warranties in its limited warranty: "REGAL MAKES NO WARRANTY, OTHER THAN CONTAINED HEREIN; TO THE EXTENT ALLOWED BY LAW ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ARISING IN STATE LAW ARE EXPRESSLY EXCLUDED TO THE EXTENT ALLOWED BY LAW."[6] CP at 95.

But the record does not demonstrate that the parties negotiated this waiver. Because there is no evidence of negotiation, by statute, the waiver is invalid. *See* RCW 62A.2-316. And viewing the facts in a light most favorable to the nonmoving party, here Babb, we hold that Regal, as a boat manufacturer, offered an implied warranty of merchantability that its boats would function properly. Babb offers evidence that his boat never worked right, creating an issue of material fact whether his new Regal boat ever functioned properly. Accordingly, the trial court improperly granted summary judgment dismissing Babb's implied warranty claim.

---

[6] Regal also cites its sales invoice, which included an implied warranties section, stating that the dealer made no warranty to any parts unless warranted by the manufacturer or implied in writing. This "IMPLIED WARRANTY NEGOTIATION" section on the sales invoice, however, had its own signature lines, which neither Babb nor Regal signed. CP at 50. Though Babb and Regal signed the sales invoice itself, neither party signed the "IMPLIED WARRANTY NEGOTIATION," therefore Babb did not waive the implied warranty.

No. 43934-4-II

We affirm the trial court's orders dismissing Babb's CPA and express warranty claims. We reverse the trial court's order dismissing Babb's implied warranty claim.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, C.J.

BJORGEN, J.